IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DENNIS WILLIAMS                          §
                                         §
              Petitioner,                §
                                         §
VS.                                      §
                                         §      NO. 3-05-CV-0953-B
DOUGLAS DRETKE, Director                 §
Texas Department of Criminal Justice,    §
Correctional Institutions Division       §
                                         §
              Respondent.                §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Dennis Williams, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner pled guilty to aggravated assault with a deadly weapon and was placed on deferred adjudication probation. Thereafter, his probation was revoked and petitioner was sentenced to 25 years confinement. His conviction and sentence were affirmed on direct appeal. *Williams v. State*, 2002 WL 31033074 (Tex. App.--El Paso, Sept. 12, 2002, no pet). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Williams*, No. 61,388-01 (Tex. Crim. App. Mar. 2, 2005). Petitioner then filed this action in federal court.

II.

In multiple grounds for relief, petitioner contends there is no evidence to support his plea of guilty to the offense of aggravated assault with a deadly weapon.

By order dated June 10, 2005, the court *sua sponte* questioned whether this case was time-barred and invited petitioner to address the limitations issue in a written reply.  Petitioner filed a reply on July 7, 2005.  The court now determines that this case should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings.  *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996).  In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]  This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending.  *Id.* § 2244(d)(2).  The one-year limitations period is also subject to equitable tolling in "rare and exceptional"

---

[1]  The statute provides that the limitations period shall run from the latest of--

> (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 25 years confinement for aggravated assault with a deadly weapon.  The court of appeals affirmed his conviction on September 12, 2002.  Petitioner did not seek further review in the Texas Court of Criminal Appeals.  Therefore, his conviction became final 30 days thereafter, or on October 14, 2002.[2] TEX. R. APP. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing).  *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues).  Petitioner filed an application for state post-conviction relief on December 15, 2004.  The application was denied on March 2, 2005.  Petitioner filed the instant case on May 5, 2005.

The limitations period started to run on October 14, 2002, when petitioner's conviction became final.  *See* 28 U.S.C. § 2254(d)(1)(A).  Yet petitioner waited more than *two years* before seeking state or federal post-conviction relief.  In his reply, petitioner merely restates the claims made in his federal writ--that his conviction is not supported by sufficient evidence and violates due process.  (*See* Pet. Reply at 1).  This ignores the threshold issue of limitations.  Petitioner makes no attempt to explain why he waited more than two years after his conviction became final to file a writ of habeas corpus in state or federal court.  Nor is equitable tolling permitted merely because petitioner believes he is entitled to relief.  *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about

---

[2]  The 30th day after petitioner's conviction was affirmed fell on Saturday, October 12, 2002.  As a result, petitioner had until Monday, October 14, 2002, to file a petition for discretionary review.  *See* TEX. R. APP. P. 4.1(a).

the cause of action or is prevented in some extraordinary way from asserting his rights.").  Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the AEDPA statute of limitations.  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000); *Mason v. Cockrell*, 2003 WL 21488226 at *2 (N.D. Tex. Apr. 23, 2003); *Rhinehart v. Cockrell*, 2001 WL 1512029 at *2 (N.D. Tex. Nov. 21, 2001).  The court therefore concludes that this case is time-barred and should be dismissed.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  July 8, 2005.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE